IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DIANE MOSS,                        )
                                   )
     Plaintiff,                    )
                                   )
v.                                 )    CASE NO. CV411-123
                                   )
PREMIERE CREDIT OF NORTH           )
AMERICA, LLC and GEORGIA           )
DEPARTMENT OF JUVENILE             )
JUSTICE,                           )
                                   )
     Defendants.                   )
                                   )

# ORDER

Before the Court are Plaintiff's Motion to Remand to State Court (Doc. 3) and Defendant Premiere Credit of North America, LLC's ("Premiere") Motion to Dismiss (Doc. 11). For the following reasons, Plaintiff's motion is **DENIED** and Defendant Premiere's motion is **DISMISSED**. Because the Court intends to convert Defendant Premiere's Motion to Dismiss into a Motion for Summary Judgment, the Court will dismiss Defendant Premiere's motion and allow the parties to provide additional briefing and additional evidentiary support for their respective positions. Accordingly, Defendant Premiere shall have thirty days from the date of this order to file a brief explaining why it is entitled to summary judgment, complete with all appropriate citations to the record. Plaintiff shall then have twenty-one days

from the date of service to file its response. Both parties should be aware, however, that the Court will not accept any motion or response that incorporates by reference any factual allegation or argument contained in an earlier filing. Each brief and response should be a stand-alone filing that independently contains all the factual allegations and arguments that the filing party wishes the Court to consider.

## BACKGROUND

In this case, Plaintiff alleges that Defendants improperly garnished her wages to repay a defaulted student loan. Plaintiff was employed by Defendant Georgia Department of Juvenile Justice ("Georgia Juvenile"). (Doc. 1, Attach. 3 ¶¶ 1, 3, 5.) Seeking to collect on the defaulted student loan, Defendant Premiere obtained an order of garnishment and Defendant Georgia Juvenile began withholding funds from Plaintiff's paycheck. (Id. ¶ 7.) From the complaint, it appears Plaintiff's contention is that Defendant Premiere never mailed her proper notice of its intent to garnish her wages. (Id. ¶ 8.) In addition, Plaintiff appears to allege that the notices themselves were defective because they imposed time limits on Plaintiff's ability to contest the garnishment that are not

included in the statute authorizing Defendant Premiere's actions. (Id. ¶ 8.)

It seems Plaintiff reasons that Defendant Premiere was not authorized under the Higher Education Assistance Act ("HEAA"), 20 U.S.C. §§ 1001-1005, to collect the funds by wage garnishment, and that it failed to comply with the requirements of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. (Id. ¶¶ 13, 14.) With respect to Defendant Georgia Juvenile, Plaintiff claims that its policy is to recognize only garnishment actions that are filed with the State Court of DeKalb County. (Id. ¶ 12.) From here, Plaintiff appears to conclude that Defendants had no legal grounds to withhold Plaintiff's wages, rendering their actions tortuous interference with her employment relationship (id. ¶ 17), theft by deception (id. ¶ 20), theft by conversion (id.), racketeering (id.), and soliciting another person to commit a crime (id.).

On May 17, 2011, Defendants removed the case to this Court. (Doc. 1.) In response, Plaintiff filed a timely Motion to Remand. (Doc. 3.) In the motion, Plaintiff surprisingly argues that there is no basis for federal jurisdiction because her allegations that Defendants violated federal statutes is insufficient to impart federal

3

question jurisdiction under 28 U.S.C. § 1441(b). (Id. at 2-3.) In response, Defendant Premiere contends that federal question jurisdiction is proper because Plaintiff is alleging that it violated several federal statutes. (Doc. 5 at 1-2.)

On August 23, 2011, Defendant Premiere filed a Motion to Dismiss, along with a supporting affidavit. (Doc. 11.) In the motion, Defendant Premiere argues that there is no private right of action to enforce the terms of the HEAA (id. at 4-6), and that the HEAA preempts Plaintiff's state law claims (id. at 7-12). In response, Plaintiff reasons that the HEAA does not apply to Defendant Premiere, rendering its actions violations of state law. (Doc. 14 at 2-10.) Plaintiff submitted an affidavit in support of her response. (Doc. 15.) The parties then exchanged several replies, which included five additional affidavits. (Docs. 19-24.)

## ANALYSIS

I. PLAINTIFF'S MOTION TO REMAND

A defendant who removes a case to federal court bears the burden of proving the propriety of federal jurisdiction. Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008) (quoting Leonard v. Enter.

Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002)). If a district court has reservations as to the existence of federal jurisdiction, that doubt must be resolved in favor of remanding the case to state court. Id. (citing Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996)).

Congress has conferred to federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The most obvious example of a case arising under federal law is where a plaintiff pleads a cause of action that is created by federal law. See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 814 (1986); see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). However, a plaintiff's claim need not be created by federal law to invoke the district court's original jurisdiction. A complaint alleging a state-law claim may still invoke federal jurisdiction if " 'a well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.' " Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 690 (2006) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,

463 U.S. 1, 27-28 (1983)). While not an automatic grant of jurisdiction, a state-law claim may fall under the original jurisdiction of federal district courts if the court must interpret an important federal law when deciding whether a plaintiff is entitled to relief. Id.

The Supreme Court has crafted a two-part test for determining whether a state-law claim that requires interpretation of a federal law triggers federal jurisdiction. First, the state-law claim must require the resolution of a substantial and disputed question of federal law. Grable, 545 U.S. at 314; Adventure Outdoors, 552 F.3d at 1295. Second, a district court must not upset "any congressionally approved balance of federal and state judicial responsibilities" in adjudicating the dispute. Grable, 545 U.S. at 314; Adventure Outdoors, 552 F.3d at 1295. The Supreme Court has noted that it is a slim category of cases that will meet this test. Empire, 547 U.S. at 701.

In determining whether a claim requires the resolution of a substantial and disputed question of federal law, the Supreme Court has looked to whether interpretation of the federal issue would resolve an essential element of the state-law claim. Id. In fact, in Grable, the

interpretation of a federal statute was the "only legal or factual issue contested in the case." Id. Also, a federal question is substantial and important where "its resolution is both dispositive of the case and would be controlling in numerous other cases." Empire, 547 U.S. at 700. In addition, the Supreme Court has looked to the interest of the federal government in a proper and consistent interpretation of the federal issue. Grable, 545 U.S. at 315.

To assess whether asserting jurisdiction would upset the balance of federal and state responsibilities, the Supreme Court has considered the frequency that state-law issues will be decided in federal court should the court find jurisdiction. Id. Federal jurisdiction is not warranted if it would result in traditional state-law issues being routinely litigated in federal courts. Also, the Court has looked to the competency of state courts to interpret the federal question. Empire, 547 U.S. at 701.

In this case, the Court easily concludes that it has jurisdiction under 28 U.S.C. § 1331. To the extent that Plaintiff's claims can be characterized as based on state law,[1] the resolution of those state-law claims would

---

[1] In the Court's opinion, Plaintiff is primarily alleging

necessarily require the Court to determine if Defendant Premiere violated certain portions of the HEAA and FDCPA. Much like <u>Grable</u>, this Court would be required to decide, as a threshold question, whether Defendant Premiere violated federal law. Therefore, the Court would be faced with resolving substantial and disputed questions of federal law, not state law. See <u>Grable</u>, 545 U.S. at 314; <u>Adventure Outdoors</u>, 552 F.3d at 1295.

In addition, the Court would not be upsetting the balance of federal and state responsibilities because the resolution of Plaintiff's claims depend almost entirely on the application of federal law, namely whether Defendant Premiere violated the HEAA and FDCPA. In other words, the overriding issues to be resolved in this case center on the application of federal, not state, law. Therefore, there is little risk of federal courts usurping the role of a state court in interpreting its own law. Finding both prongs satisfied, the Court concludes that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Accordingly, Plaintiff's Motion to Remand is **DENIED**.

II. DEFENDANT PREMIERE'S MOTION TO DISMISS

Rule of Civil Procedure 8(a)(2) requires a complaint

---

that Defendant Premiere failed to comply with federal law, which in turn resulted in violations of state law.

to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).[2] "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 129 S. Ct. at 1949 (internal quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. For a claim to have facial plausibility, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for

---

[2] Iqbal makes clear that Twombly has been the controlling standard on the interpretation of Federal Rule of Civil Procedure 8 in all cases since it was decided. Iqbal, 129 S. Ct. at 1953 ("Though Twombly determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8 . . . [that] in turn governs the pleading standard in all civil actions and proceedings in the United States district courts." (internal quotations and citations omitted)).

the misconduct alleged." <u>Sinaltrainal v. Coca-Cola Co.</u>, 578 F.3d 1252, 1261 (11th Cir. 2009) (quoting <u>Iqbal</u>, 129 S. Ct. at 1949). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Iqbal</u>, 129 S. Ct. at 1949. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." <u>Id.</u> Additionally, a complaint is sufficient only if it gives " 'fair notice of what the . . . claim is and the grounds upon which it rests.' " <u>Sinaltrainal</u>, 578 F.3d at 1268 (quoting <u>Twombly</u>, 550 U.S. at 555).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. <u>Sinaltrainal</u>, 578 F.3d at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Iqbal</u>, 129 S. Ct. at 1949-50. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." <u>Sinaltrainal</u>, 578 F.3d at 1268. That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable

expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545).

Generally, a motion to dismiss should be decided based on the contents of the complaint. Emmons v. Smitt, 149 F.2d 869, 871 (6th Cir. 1945). However, should a party present matters outside of the pleadings in support of a motion under Federal Rule of Civil Procedure 12(b), the Court must either exclude those matters or convert the motion into one for summary judgment. Fed. R. Civ. P. 12(d). If the Court elects to convert the motion to one for summary judgment, the parties must be provided a reasonable opportunity to present additional material that might be pertinent to such a motion. Id.

In this case, the Court has determined that the resolution of Defendant Premiere's motion requires reference to the several affidavits the parties have provided in support or opposition of the Motion to Dismiss. Therefore, the Court intends to convert the motion to one for summary judgment and must, at a minimum, provide the parties with additional time to supplement their briefs. However, given the piecemeal briefing that the parties have

11

provided to date,[3] the Court will have considerable difficulty discerning their relative positions and arguments with respect to summary judgment. The Court, therefore, feels that the best course of action is to dismiss Defendant Premiere's pending Motion to Dismiss and allow it to file, within thirty days from the date of this order, a new brief explaining why it is entitled to summary judgment. Plaintiff shall then have twenty-one days from the date of service to respond. Both parties should be aware, however, that the Court will not accept any motion or response that incorporates by reference any factual allegation or argument contained in an earlier filing. Each brief and response should be a stand-alone filing that independently contains all the factual allegations and arguments that the filing party wishes the Court to consider.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 3) is **DENIED** and Defendant Premiere's Motion to Dismiss (Doc. 11) is **DISMISSED**. Because the Court intends to convert Defendant Premier's Motion to Dismiss

---

3 The parties have provided the Court with nine separate filings with respect to just this one Motion to Dismiss. (Doc. 11; Doc. 14; Doc. 15; Doc. 19; Doc. 20; Doc. 21; Doc. 22; Doc. 23; Doc. 24.)

into a Motion for Summary Judgment, the Court will dismiss Defendant Premiere's motion and allow the parties to provide additional briefing and additional evidentiary support for their respective positions. Accordingly, Defendant Premiere shall have thirty days from the date of this order to file a brief explaining why it is entitled to summary judgment, complete with all appropriate citations to the record. Plaintiff shall then have twenty-one days from the date of service to file its response. Both parties should be aware, however, that the Court will not accept any motion or response that incorporates by reference any factual allegation or argument contained in an earlier filing. Each brief and response should be a stand-alone filing that independently contains all the factual allegations and arguments that the filing party wishes the Court to consider.

SO ORDERED this 23rd day of March 2012.

_____
WILLIAM T. MOORE, JR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA