UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DIANE MOSS,

    Plaintiff,

v.

PREMIERE CREDIT OF NORTH AMERICA, LLC and GEORGIA DEPARTMENT OF JUVENILE JUSTICE,

    Defendants.

Case No. CV411-123

## ORDER

The Court **GRANTS** plaintiff Diane Moss' motion for reconsideration (doc. 49) but affirms its prior ruling. Doc. 48. The Court first noted in passing that no jurisdiction existed for Moss' appeal. *Id.* at 1 n. 1. Moss challenges that. But as the Court previously observed, the district judge's summary judgment ruling did not expressly dispose of plaintiff's claims against the Georgia Department of Juvenile Justice. Doc. 43. And it was followed by *no* Fed. R. Civ. P. 58 entry of judgment. Nor did Moss move for one, much less for Fed. R. Civ. P. 54(b) certification.

She thus presented no valid appeal with her IFP motion, *Bonner v. Perry*, 564 F.3d 424, 427 (6th Cir. 2009) ("A grant of partial summary

judgment that does not dispose of all parties and all claims is generally not immediately appealable unless the district court issues a Fed. R. Civ. P. 54(b) certificate."), because there is no jurisdiction. *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1247 (11th Cir. 2012) (no appellate jurisdiction to review district court's order in RICO action granting plaintiff's motion to enforce purported settlement agreement and, court's award of five million dollars against one of four defendants, since district court had not resolved the rights and liabilities of the other three defendants, and defendant seeking appeal had not sought certification of order pursuant to rule governing final orders as to one or more, but fewer than all, claims or parties).

Hence, this Court cited the absence of a viable appeal when it questioned whether she met the "good faith" component of the IFP statute. *Oliver v. M/V BARBARY COAST*, 2012 WL 4210627 at * 2 (S.D. Ala. Aug. 31, 2012) (recommending that district court deny IFP; with no final order, the appeal was doomed and thus not taken in good faith). Indeed, this Court was free to simply ignore her notice of appeal. *McCormick v. Brzezinski*, 2009 WL 3246706 at * 1 (E.D. Mich. Oct. 7,

2009) ("A notice of appeal from a plainly non-appealable order may properly be ignored by the district court."), quoted in *Oliver*, 2012 WL 4210627 at * 2. Instead, it endeavored to educate counsel as to the proper method for securing an appeal where an order granting summary judgment to one defendant leaves another in the case.

The Court also noted -- and Moss now challenges this -- that she was represented by private counsel, which seemed inconsistent with an indigency claim. Doc. 49 at 1-2. Yet, Moss herself now confirms that she could afford legal representation, in fact is still represented, and that what started out as a fee-based arrangement has evolved into a contingency-fee case. Doc. 49 at 1-2. And her lawyer affirms that he is retaining the case on a contingency-fee basis. *Id.* He is thus in a position to reap any contingency-fee gain[1] -- but now wants the taxpayers' help.[2] Likely that is not what Congress intended with 28 U.S.C. § 1915.

If Moss wishes to move either for a Rule 58 entry of judgment or a Rule 54(b) certification -- one of which she must secure in order to

---

[1] Attorneys advance costs to their clients all the time. *See, e.g., Lewis v. Smith*, 274 Ga. App. 528, 532 (2005).

[2] He claims he is worth $300 an hour, doc. 49 at 2, yet no doubt expended an appreciable amount of time moving this Court to reconsider a $455-impact ruling.

prosecute an appeal -- then she should seek such relief from the district judge, *not* by means of a further "reconsideration" motion.

**SO ORDERED** this 25th day of October, 2012.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA